**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 02-4757

LAWRENCE SPIVEY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CR-01-786)

Submitted: May 20, 2003

Decided: June 13, 2003

Before WIDENER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

J. Bradley Bennett, SALVINI & BENNETT, L.L.C., Pickens, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Alfred W. Bethea, Jr., Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Lawrence Spivey appeals his convictions and sentence after a jury convicted him of one count of possession with intent to distribute less than five grams of crack cocaine, and one count of simple possession of less than five grams of crack cocaine, both in violation of 21 U.S.C. § 841(a)(1) (2000); and one count of possession of a firearm after having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C. §§ 922(g), 924(e) (2000). Finding no error, we affirm.

Spivey first argues that the district court erred in denying his motion to suppress evidence seized on March 31, 1999. Spivey asserts that the police officers who stopped him did not possess the requisite reasonable suspicion that he was engaged in illegal activity. The factual findings underlying a motion to suppress are reviewed for clear error, while the legal determinations are reviewed de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998).

In *Terry v. Ohio*, 392 U.S. 1 (1968), the Supreme Court held that, in order to conduct an investigatory stop of an individual, a police officer must have an objectively reasonable suspicion of criminal activity. *Id.* at 20-22. The Court subsequently held that, in evaluating police conduct in a *Terry* stop, reviewing courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particular and objective basis' for suspecting legal wrongdoing." *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). Our review of the record of the suppression hearing convinces us that the officers possessed reasonable suspicion that Spivey was driving on a suspended license, and were justified in pursuing and stopping him. The district court correctly denied Spivey's motion to suppress.

Spivey next contends that the district court erred in denying his motion to relieve counsel, and that this denial resulted in Spivey

receiving ineffective assistance of counsel. Although he captions this portion of his argument as contesting the denial of a motion to relieve counsel, Spivey's argument is limited to the issue of ineffective assistance of counsel. Spivey has therefore waived review of the denial of his motion to relieve counsel by failing to properly argue that issue. *See* Fed. R. App. P. 28(a)(9).

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, a defendant must bring his claim in a motion under 28 U.S.C. § 2255 (2000). *See id.*; *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *See King*, 119 F.3d at 295. We have reviewed the record and conclude that it does not conclusively demonstrate that counsel's performance was deficient.

Spivey's final argument is that the district court erred in determining that his two previous convictions for crack cocaine distribution were separate convictions that served as predicates for sentencing as an Armed Career Criminal under 18 U.S.C. § 924(e) (2000). Review of a district court's application of a statutory sentencing enhancement is de novo. *United States v. Letterlough*, 63 F.3d 332, 334 (4th Cir. 1995). In *Letterlough*, we adopted the majority test for determining whether convictions occur on different occasions. According to that test, "[c]onvictions occur on occasions different from one another if each of the prior convictions arose out of a *separate and distinct criminal episode*." *Id.* at 335 (internal quotation marks and citation omitted); *see also United States v. Blackwood*, 913 F.2d 139, 146 (4th Cir. 1990). In this case, the district court correctly applied *Letterlough* and concluded that Spivey's two drug distribution convictions were separate for purposes of sentencing under § 924(e).

We therefore affirm Spivey's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*